IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY D. PINGLETON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ROLLING HILLS HOSPITAL, LLC, an Oklahoma Limited Liability Company, | )<br>)<br>)<br>)<br>)  Case No. CIV 15-349-KEW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF ROLLING HILLS HOSPITAL, LLC

COMES NOW, Defendant Rolling Hills Hospital, LLC ("Rolling Hills") and responds to the Complaint as follows:

### ANSWER TO ALLEGATIONS

Rolling Hills responds to the numbered paragraphs of the Complaint as follows:

1. Upon information and belief, Rolling Hills admits the allegations of Paragraph 1.

2. Rolling Hills admits it is an Oklahoma limited liability company and operates a business in Ada, Pontotoc County, Oklahoma. In further response, Rolling Hills states that the sole member of this limited liability company is Acadia Healthcare Company, a Delaware corporation.

3. Rolling Hills admits the allegations of Paragraph 3.

4. Upon information and belief, Rolling Hills admits that venue is proper in this Court but denies that it engaged in the acts as alleged by Plaintiff.

4825-0795-8824.1

1

5. Rolling Hills admits the allegations of Paragraph 5.

6. Rolling Hills admits the allegations of Paragraph 6.

7. Rolling Hills admits the allegations of Paragraph 7.

8. Rolling Hills admits it terminated Plaintiff on April 28, 2015, and denies the remaining allegations of Paragraph 8.

9. Rolling Hills denies the allegations of Paragraph 9.

10. Rolling Hills denies the allegations of Paragraph 10.

11. Rolling Hills denies the allegations of Paragraph 11.

12. Rolling Hills denies the allegations of Paragraph 12.

13. Rolling Hills denies the allegations of Paragraph 13.

14. Rolling Hills denies the allegations of Paragraph 14.

15. Rolling Hills denies the allegations of Paragraph 15.

16. Rolling Hills denies the allegations of Paragraph 16.

17. Rolling Hills denies the allegations of Paragraph 17.

18. Rolling Hills denies Plaintiff is entitled to any of the damages or relief requested in the Paragraph entitled "PRAYER FOR RELIEF" and denies all remaining allegations of same.

19. Rolling Hills denies all allegations in the Complaint not expressly admitted or denied herein.

20. Rolling Hills demands a Jury Trial.

## **DEFENSES**

Defendant Rolling Hills, having fully answered Plaintiff's Complaint as set out above, sets forth the following Defenses, including Affirmative Defenses:

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the equitable doctrines of laches, waiver, unclean hands and estoppel.

3. The Complaint must be dismissed as to each and every averment made or sought to be made in the Complaint of any alleged unlawful act or omission against Rolling Hills that is barred by the applicable statute of limitations.

4. Any other defenses herein notwithstanding, all actions and/or alleged omissions with respect to Plaintiff were justifiable and done for good and just cause, were within the legitimate exercise of management discretion and business necessity, were done for legitimate and non-retaliatory business reasons, were done without regard to Plaintiff's alleged protected activity, and were not done willfully or maliciously or in a reckless or knowing manner.

5. The Complaint must be dismissed because Plaintiff was an at-will employee of Rolling Hills, and the Complaint does not identify a well-established, clear and compelling public policy goal articulated in existing Oklahoma constitutional, statutory or decisional law that Rolling Hills violated by terminating Plaintiff's employment.

6. The Complaint must be dismissed to the extent any alleged unlawful actions by current or former employees of Rolling Hills were undertaken outside the course and scope of their employment; thus, Rolling Hills cannot be liable for such alleged acts because it has not ratified, authorized, or condoned any purportedly unlawful conduct on the part of its employees.

7. Without admitting Plaintiff suffered any damages, Plaintiff may not recover any damages that he has failed to mitigate or that he caused, or for any period of time in which he did not make a reasonable effort to find comparable employment subsequent to the end of his employment relationship with Rolling Hills.

8. The averments of the Complaint fail to state a basis for an award of punitive damages against Rolling Hills.

9. Without admitting Plaintiff is entitled to any damages, Plaintiff's averred damages must be reduced, in whole or in part, to the extent Rolling Hills discovers after-acquired evidence of misconduct by Plaintiff for which he would have been terminated had such evidence been known at the time of his termination.

10. Without admitting that Plaintiff is entitled to any damages, Rolling Hills avers that it is entitled to a setoff against any recovery by Plaintiff, which must be reduced by any amount of money he received from any source after the end of his employment with Rolling Hills.

11. Without admitting any wrongdoing with respect to Plaintiff, the Complaint must be dismissed because any alleged retaliatory motive by Rolling Hills was not a significant factor in its decision to terminate Plaintiff's employment.

12. 19. This Defendant puts the Plaintiff on notice it will seek leave of Court to modify, amend or supplement its defenses following further investigation and discovery.

WHEREFORE, having fully answered the allegations in the Complaint and having asserted its defenses thereto, Rolling Hills demands that this case be dismissed with the costs hereof, including reasonable attorneys' fees, assessed against Plaintiff and for any other relief in its favor this Court deems just, equitable, or necessary.

*s/ Jessica L. Craft*
Mike Carr, OBA #17805
Jessica Craft, OBA #31126
**HOLDEN & CARR**
210 Park Avenue, Suite 1140
Oklahoma City, OK 73102
(405) 813-8888
(405) 813-8889 (facsimile)
MikeCarr@holdenlitigation.com
JessicaCraft@holdenlitigation.com

Mark W. Peters (TN BPR # 018422)
**WALLER LANSDEN DORTCH & DAVIS, LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 850-8888
(615) 244-6804 (facsimile)
mark.peters@wallerlaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court's CM/ECF system, which will automatically send e-mail notification of such filing to the following:

Kevin R. Donelson, Esq.
Derek H. Ross, Esq.
**FELLERS SNIDER BLANKENSHIP BAILEY & TIPPINS, P.C.**
Chase Tower
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102
(405) 232-0621
(405) 232-9659 (facsimile)
KDonelson@FellersSnider.com
DRoss@FellersSnider.com

*Attorneys for Plaintiff*

on this the 18th day of September, 2015.


　　　　　　　　　　　　　　　　　　　　　*/s/ Jessica L. Craft*